FILED
CLERK
12/3/2020 11:39 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ADRIENNE BROWN, P.D., S.D., D.B.,

                               Plaintiffs,                        For Online Publication Only

                                                           **ORDER**
       -against-                                    20-CV-3342 (JMA)(AYS)

SUFFOLK COUNTY POLICE DEPARTMENT,
THIRD PRECINCT, ET AL.,

                              Defendants.
----------------------------------------------------------X

**AZRACK, United States District Judge:**

       Before the Court is the in forma pauperis application filed by pro se plaintiff Adrienne Brown ("Plaintiff").[1] For the reasons that follow, the application to proceed in forma pauperis is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $400.00 filing fee.

       Plaintiff has not answered all of the questions on the form. For example, Plaintiff left blank the question that asks for the name and address of Plaintiff's employer yet Plaintiff reports receiving monthly wages in the sum of $836.00. (ECF No. 2 at ¶ 2.) In addition, Plaintiff

---

[1] Plaintiff has included the full names of three other individuals as plaintiffs in the caption of her complaint. These individuals appear to be Plaintiff's minor children. The Clerk of the Court has restricted public access to the complaint because Plaintiff did not comply with the requirements of the E-Government Act of 2004 which limits the identification of minors in public filings to their initials. It is well-established that a non-lawyer parent may not bring civil rights claims on behalf of minor children in federal court. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child in federal court). The Court has considered whether the appointment of counsel is warranted under the circumstances presented here. Because there is no right to counsel in a civil case, upon review of the substance of the complaint, the Court declines to appoint counsel for Plaintiff's children. Accordingly, any claims asserted on behalf of Plaintiff's children are dismissed without prejudice. See Mills v. Fischer, 09-CV-0966A, 2010 WL 364457, at *2 (W.D.N.Y. Feb. 1, 2010) (denying appointment of counsel for pro se minor in Section 1983 suit where the claims raised in the complaint were "not likely to be of substance."); see also Schoon v. Berlin, 07-CV-2900, 2011 WL 1085274, at *2 (S.D.N.Y. Mar. 23, 2011) (denying appointment of counsel and dismissing all claims brought on behalf of child without prejudice where the complaint had "provide[d] insufficient indicia that the claims [we]re likely to be meritorious").

responded that she receives monthly "disability payments" and "food stamps" but does not include the amounts that she receives. (Id. at ¶ 3.) Nor does Plaintiff include the amounts of the monthly expenses she reports for her "light bill, water bill, [and] cable bill." (Id. at ¶ 6.) Similarly, although Plaintiff reports credit card debt, she does not include the amount owed. Additionally, although Plaintiff includes a Post Office box as her address of record and a telephone number, she does not include any monthly expenses associated therewith.

Given that the responses provided by Plaintiff raise more questions than they answer, Plaintiff's application is denied without prejudice and with leave to renew upon completion of the long form application enclosed with this Order within twenty-one (21) days from the date of this Order. Alternatively, Plaintiff may remit the $400.00 filing fee. Plaintiff is warned that her failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Order to the plaintiff at her address of record.

**SO ORDERED**.

Dated: December 3, 2020
       Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE