FILED
CLERK

9:54 am, Aug 13, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ADRIENNE BROWN,

                Plaintiff,

      -against-

SUFFOLK COUNTY 3RD PRESENT [SIC] POLICE
DEPARTMENT, ET AL.,

              Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-3342 (JMA) (AYS)

**AZRACK, United States District Judge:**

By Order dated December 3, 2020 (the "Order"), the Court denied the application to proceed in forma pauperis filed by pro se plaintiff Adrienne Brown ("plaintiff"). (ECF No. 6.) The Court ordered plaintiff to either remit the $400 filing fee or renew her application to proceed in forma pauperis upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to the Order within twenty-one (21) days. (Id. at 2.)[1] On January 11, 2021, plaintiff filed the Long Form, and on January 12, 2021, plaintiff filed an application seeking an extension of time to answer which the Court liberally construes as a request to accept her late filing of the Long Form. (ECF No. 7.) The Court accepts the Long Form for filing and, upon review, the Court finds that plaintiff is qualified by her financial position to commence this action without prepayment of the filing fee. Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, the complaint is sua sponte dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and with leave to file an amended complaint.

---

[1] The order also dismissed without prejudice any claims that plaintiff, as a non-lawyer, brought on behalf of her children. (See ECF No. 6 at 1 n. 1.)

# I. THE COMPLAINT

Plaintiff's brief, handwritten complaint is submitted on the Court's general complaint form and names as defendants the Suffolk County Police Department's Third Present [sic] (the "Third Precinct"); an unidentified Suffolk County Police Department/Public Safety Officer ("Officer Doe"); an unidentified Suffolk County Police Department/Public Safety "Sgt." ("Sgt. Doe "), and Suffolk County Police Detective "Christerpher Toit" ("Det. Toit" and collectively, "defendants"). Although all of the parties are alleged to be New York citizens, plaintiff has checked the box on the form complaint to invoke this Court's diversity subject matter jurisdiction.   (Compl. ¶ II. B.) However, plaintiff also alleges that her complaint seeks redress for the alleged deprivation of her "civil and constitutional rights."   (Id. ¶ II.3.)   Accordingly, given plaintiff's pro se status, the Court liberally construes that the complaint is brought pursuant to 42 U.S.C. § 1983 and thus invokes this Court's federal question subject matter jurisdiction.   In its entirety, plaintiff's fact section alleges:[2]

> On or about Jan 1 or Jan 2 2019 in front of 27 Belgrave Ave. Bay Shore N.Y. 11706 office and I was arguing about "Laws" civil rights laws and Pct. Officer became angry with the fact I was speaking laws he wasn't familiar with and reached out and punched me in my chest!   Told me he would arrest me for COA then when the officer realize my neighbors and others witnesses his assaulting me Brown, Adrienne, I went to Southside Hospital for treatment.   Suffered badly bruised body tissue!   I've been suffering from paranoy anxiety depression, etc.   My symptoms where being control until the officer decided that punching a Black woman in the chest because he became frustrated with question of laws and other's civil and constitutional rights as a being living amongst one another.

(Compl. ¶ III.)   In the space on the form that calls for the relief sought, plaintiff responded:

> Relief sort would be a sum of $5 million dollars for the mental and physical pain

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

and anguish of violating [my] Constitutional and civil rights.   Lak of professionalism.   Lak of protection!   This gang they call themselves the "brotherhood" is known as the Suffolk County police.   Officer told me don't fuck with the Brotherhood.

(Id. ¶ IV.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's renewed application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this case without prepayment of the filing fee.   28 U.S.C. §1915(a)(1).   Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do

justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C. Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in an action brought pursuant to § 1983, a

4

plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

### 1. Section 1983 Claims Against the Third Precinct

Plaintiff names the Third Precinct as a defendant.  However, it is a non-suable entity because, as part of the Suffolk County Police Department, the Third Precinct is merely an administrative arm of the municipality, Suffolk County.   "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because the "SCPD [is an] administrative arm[] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued.").   Therefore, plaintiff's claims against the Third Precinct are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).   However, given plaintiff's pro se status, the Court considers next whether plaintiff has alleged a plausible Section 1983 claim when construed as against Suffolk County.   For the reasons that follow, she has not.

### 2. Section 1983 Claim as Construed Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under

Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).   Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.   See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.   Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).   "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy."   DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Suffolk County.   Plaintiff alleges a single, isolated incident.   She claims that an unidentified officer punched her in her chest. (Compl. ¶ III.)   And, plaintiff's allegation that the Suffolk County police department is a "brotherhood" is conclusory and does not permit the Court to reasonably construe that the conduct of which plaintiff complains was undertaken pursuant to a municipal policy, practice or custom.

6

Hightower v. Veitch, No. 19-CV-0577, 2020 WL 3978818, at *5 (N.D.N.Y. Jan. 21, 2020)

("Plaintiff's conclusory allegation of a 'Code of Silence' is insufficient" to establish the existence

of a municipal policy or custom), report and recommendation adopted, No. 19-CV-0577, 2020

WL 2028287 (N.D.N.Y. Apr. 28, 2020) (citing Missel v. Cty. of Monroe, 351 F. App'x 543, 545

(2d Cir. 2009)) (Monell claim requires "factual allegations that would support a plausible inference

that the [county's] 'policies' or 'customs' caused . . . violations . . . of rights.").   Accordingly,

plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as

against Suffolk County.

      3. Personal Involvement

Plaintiff names Det. Toit, Sgt. Doe, and Officer Doe as defendants but alleges conduct

attributable to a single individual, "Pct. Officer", who plaintiff claims "became angry with the fact

I was speaking laws he wasn't familiar with and reached out and punched me in my chest!"

(Compl. ¶ III.)   Plaintiff does not mention Det. Toit or Sgt. Doe in the body of the complaint nor

are there any factual allegations against either of them.   Indeed, the only mention of these

individuals is in the caption of the complaint.   (See Compl., generally.)   As noted above, in order

to allege a plausible § 1983 claim, a plaintiff must allege the personal involvement of the defendant

in the purported constitutional deprivation.   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010)

(citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).   As the Second Circuit recently made

clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official

liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official without relying on a special test for supervisory liability."

Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).   Where a Section 1983 claim fails to

allege the personal involvement of the defendant, it fails as a matter of law.   See Johnson v.

Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although plaintiff names Det. Toit and Sgt. Doe as defendants, neither of these defendants are included in the fact section of the complaint and there are no allegations of conduct or inaction attributable to either of them.   Thus, plaintiff has not alleged a plausible claim against Det. Toit and Sgt. Doe and these claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).   See Gray v. Nassau Cty. Jail, No. 20-CV-02585, 2020 WL 4783400, at *3 (E.D.N.Y. Aug. 18, 2020) (sua sponte dismissing Section 1983 claims where plaintiff did not include any facts from which the Court could plausibly construe a Section 1983 claim against supervisors).

Though far from clear, it appears that plaintiff seeks to impose liability upon Officer Doe, who presumably is described in the body of the complaint as "Pct. Officer."   (Compl. III.) However, plaintiff's sparse allegations do not include sufficient information such that this individual's identity could readily be ascertained by the Suffolk County attorney in accordance with Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam).   Accordingly, plaintiff's complaint is dismissed without prejudice and she is ordered to file an amended complaint within thirty (30) days.   Plaintiff's amended complaint shall make clear the individual(s) she seeks to hold liable.   Thus, for any individual plaintiff names as a defendant, she shall include factual allegations describing the conduct and/or inaction attributable to such individual(s), including the date, time and location of any alleged interaction.   Plaintiff must allege who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why she is entitled to relief.   She must also name as defendants the individuals who violated her rights and, to the greatest extent possible,

plaintiff must describe all relevant events, stating the facts that support plaintiff's case, including what each defendant did or failed to do and how each defendant's acts or omissions violated plaintiff's rights.   If plaintiff does not know the identity of any individual she seeks to hold liable, she may identify that defendant as "John Doe" or "Jane Doe" and shall provide sufficient factual information in support of her claims.   However, plaintiff must be consistent throughout her amended complaint so that the Court and defendants can understand what she is alleging against whom.

Any amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 20-CV-3342, and shall be filed within thirty (30) days from the date of this Order.   If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915.   Should plaintiff prepare an amended complaint, she should carefully consider this Order and amend her claims accordingly.

If plaintiff again fails to plead sufficient facts in her amended complaint, or if she fails to file an amended complaint within thirty (30) days, she will not have another opportunity to re-plead, and the Court will enter judgment.   Alternatively, plaintiff may pursue any valid claims she may have against the defendants under state law in state court.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) (i)-(ii). Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at her address of record.

**SO ORDERED.**

Dated: August 13, 2021
Central Islip, New York

       ___/s/ (JMA)_____
       JOAN M. AZRACK
       UNITED STATES DISTRICT JUDGE